IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Patrick Weckesser, on behalf of himself and all others similarly situated, | ) ) ) ) | Civil Action No. 2:16-cv-2053-RMG |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| vs. | ) ) | **(FLSA Collective Action/Class Action under the S.C. Payment of Wages Act)** |
| Knight Enterprises S.E., LLC, | ) ) | **Jury Trial Requested** |
| Defendant. | ) | |

Plaintiff Patrick Weckesser, individually and on behalf of all other similarly situated individuals, by way of his Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

## NATURE OF THE ACTION

1. This action is brought individually and as a collective action under the Fair Labor Standards Act, 29 §§ 201*et seq.*, ("FLSA") asserting that Plaintiff and all others similarly situated, cable installation technicians, were misclassified as independent contractors by Defendant Knight Enterprises S.E., LLC and as a result were deprived of overtime, minimum wage, and other wages in violation of federal law. Plaintiff brings this case as a collective action on behalf of a group of cable installation technicians who worked as cable installation technicians for the Defendant, installing high-speed internet, cable television, and telephone services for customers and businesses, within the three years prior to the filing of this Complaint.

2. Plaintiff also brings this action individually and on behalf of all similarly situated current and former technicians in South Carolina pursuant to Federal Rule of Civil Procedure 23 to

remedy violations of the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq*. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Patrick Weckesser ("Weckesser") is a citizen and resident of Beaufort County, South Carolina. Plaintiff currently works as a cable installation technician for Defendant.

4.      Defendant Knight Enterprises S.E., LLC ("Knight Enterprises S.E.") is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, and has conducted business in South Carolina, North Carolina, and Florida. Knight Enterprises S.E. provides high-speed internet, cable television, and telephone services to customers in South Carolina, and in other states.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

6.      In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent and supplemental claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

8.      Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C.

§ 216(b), and to order notices to potential opt-in individuals who have performed cable installation services for Knight Enterprises S.E. and who were classified as independent contractors.

9. Potential opt-in members of the collective action are similarly situated to Plaintiff. They all held the same job positions and had substantially similar job requirements and pay provisions. They are or were subject to the same common practices, policies, and plans of Defendant. They all suffer damages in the nature of lost overtime and wages resulting from Defendant's wrongful conduct.

## SOUTH CAROLINA CLASS ACTION ALLEGATIONS

10. Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

11. Plaintiff brings the third Cause of Action, the South Carolina Payment of Wage Act ("SCPWA") claims, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated current and former individuals classified as "independent contractors" by Defendant in South Carolina within three (3) years prior to the commencement of this lawsuit. ("SC Rule 23 Class").

12. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

    a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable, and the disposition of their claims as a class will benefit the parties and the Court;

    b. There are questions of law and/or facts common to the members of the proposed Plaintiff class;

    c. The claims of Plaintiff, the representative of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

    d. Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

13. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b) Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members.

14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual SC Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual SC Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual SC Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual SC Rule 23 Class

Members, establishing incompatible standards of conduct for Defendants and resulting in impairment of the SC Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

15. Upon information and belief, Defendant throughout the State of South Carolina violates the SCPWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

16. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## STATEMENT OF FACTS

17. During the last three years, Plaintiff and other similarly situated technicians worked as cable installation technicians for Knight Enterprises S.E. In this role, Plaintiff and other similarly situated technicians were responsible for installing, repairing, or constructing the facilities for high-speed internet, cable television, and/or telephone services.

18. During the time Plaintiff and other similarly situated technicians performed cable installation services for Defendant, Plaintiff and others similarly situated performed work exclusively for Defendant, and did not provide any other high-speed internet, cable television, telephone, or any other related services except those provided to Defendant.

19. Knight Enterprises S.E. purports to contract with individuals to perform such installation, repair, construction, and supervisory work associated with monitoring the quality of those services. Defendant purports to call these individuals "independent contractors," not employees, thereby avoiding its obligations to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and such other benefits.

20. In order to be hired by Defendant, Plaintiff and other similarly situated technicians were required to undergo stringent background checks and credit checks.

21. Each technician, including Plaintiff, was required to wear uniforms while working that displayed the Knight Enterprise S.E. logo, and the cost of the uniforms were deducted from their paychecks.

22. Each technician, including Plaintiff, was required to drive a work vehicle with a magnetic sign on the sides of it that displayed the Knight Enterprises S.E. logo, and the costs of such was deducted from their paychecks.

23. The so-called "independent contractors" that work for Knight Enterprises, S.E., including Plaintiff, are required to show up at a specific garage at a specific time in the morning. At such locations, they are given specific orders with instructions as to specific work which must be done that day, and each contractor is provided with specification books as to how each such installation, repair, or construction work is to be performed, and instructing each technician as to how to interact with customers.

24. The cable technicians, including Plaintiff, were subjected to monetary fines that were deducted from their paychecks if they failed to show up for the garage meetings at the exact time ordered by Knight Enterprises S.E. each morning.

25.     Plaintiff and others similarly situated were not allowed to choose their days of work and are required to request days off from work at least two weeks in advance. Plaintiff and others similarly situated have been threatened by Defendant to be fired or have deductions taken out of their paychecks in the event that they call out from work.

26.     Plaintiff and others similarly situated were required to work six full shifts with each shift generally lasting for twelve (12) hours every week. Plaintiff and others similarly situated were advised by Defendant that they would be taken off of the schedule entirely and terminated if they could not work six full shifts every week.

27.     In addition, the cable technicians, including Plaintiff, were required to train in installation and repair, and some of the individuals hired by Defendant have no previous experience in telecommunications installation and repair.

28.     Additionally, Plaintiff and others similarly situated were not allowed by Defendant to hire their own employees and were advised by Defendant that all employees assisting them on jobs had to be directly hired by and through Knight Enterprises S.E.

29.     All of the telecommunications equipment used by the technicians, including Plaintiff, must be picked up from a warehouse on Knight Enterprises S.E.'s property, and it is Knight Enterprises S.E. which informs each contractor of the amount of equipment needed to perform the jobs for that day.

30.     Many of the technicians, including Plaintiff, have to purchase their tools for their work, such as compression tools and prep tools, from Defendant's warehouse and the cost of such items is taken out of their paycheck by Defendant.

31.     Defendant also requires Plaintiff and others similarly situated to purchase background checks, Knight Enterprises S.E. truck signs, and Knight Enterprises S.E. work shirts through

Defendant's warehouse and Defendant deducts the cost of these items from the paychecks of Plaintiff and others similarly situated without providing advance written notice of the deductions or the amounts of the deductions.

32.  Technicians, including Plaintiff, often worked well over 40 hours per week. Typically, technicians, including Plaintiff, were ordered to work between at least 60 and 75 hours per week and have been ordered to work six to seven days a week by Defendant Knight Enterprises S.E. None of these technicians receive any overtime pay for the work performed beyond 40 hours a week.

33.  For example, during a typical workweek, Plaintiff worked six days per week, Monday through Saturday, from 7:00 A.M. until 7:00 P.M. Defendant required Plaintiff to arrive at Defendant's garage by no later than 7:00 A.M. each morning. If Plaintiff was late arriving at Defendant's garage, his pay was deducted for tardiness.

34.  There is virtually no opportunity for technicians, including Plaintiff, to work for any other cable companies or to perform any other telecommunications work while working for Knight Enterprises S.E. as Defendant exercises strict control over how their time is spent during the workday.

35.  The technicians, including Plaintiff, effectively worked for Defendant on a full time and continuing basis; Plaintiff did not sell or advertise his services to the general public or work as a contractor for anyone other than Knight Enterprises, S.E.

36.  Further, in the event that Knight Enterprises, S.E. is unsatisfied with work performed by cable installation technicians, Defendant requires such technicians to go out and correct any deficiency, and to make any repairs and on such occasions, the technicians, including Plaintiff, are not paid for their time working to correct such problems.

37. Additionally, technicians, including Plaintiff, are not permitted to negotiate the price with either the customer or the Defendant.

38. The technicians, including Plaintiff, were paid on a piece rate basis, being paid per job regardless of how many hours each job took.

39. Defendant did not keep accurate records of wages earned or of hours worked by Plaintiff and others similarly situated, nor did Defendant provide Plaintiff and others similarly situated with itemized statements illustrating their pay or deductions made from their pay.

## FIRST CAUSE OF ACTION
### Violation of Fair Labor Standards Act 29 U.S.C. § 207
### (Brought on behalf of Plaintiff and the FLSA Collective)

40. Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

41. This cause of action arises from Defendant's violations of the FLSA, 29 U.S.C. § 207, for its failure to pay Plaintiff and other similarly situated employees at the overtime rate for all hours worked in excess of forty (40) per workweek.

42. As set forth above, Plaintiff, and all other similarly situated employees, were employed by Defendant.

43. At all times pertinent hereto, Defendant engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

44. At all times pertinent hereto, Defendant's annual gross volume of sales made or business done was not less than Five Hundred Thousand and 0/100 ($500,000.00) Dollars. Alternatively, Plaintiff, and all other similarly situated employees, worked in interstate commerce so as to fall within the protection of the FLSA.

45. The business of Defendant was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendant is subject to, and covered by, the FLSA.

46.     Plaintiff asserts that under the economic realities test of the FLSA, Plaintiff and others similarly situated are or were improperly classified as independent contractors rather than employees of Defendant and that Defendant exercised sufficient control over their day to day activities, and economic circumstances, to make Plaintiff's statutory employees under the FLSA. Plaintiff and other similarly situated technicians are therefore covered employees under the FLSA.

47.     Plaintiff and other similarly situated individuals regularly work or worked well more than forty (40) hours per week every week, usually sixty (60) or more hours per week.

48.     Defendant failed to pay Plaintiff and other similarly situated employees at the overtime rate of one and one half times the normal rate of pay for all hours worked over forty (40) per workweek.

49.     Defendant's failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since the company's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

**SECOND CAUSE OF ACTION**
**Violation of South Carolina Payment of Wages Act S.C. Code § 41-10-10, et. al.**
**(Brought on behalf of Plaintiff and the SC Rule 23 Class)**

50.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

51.     At all relevant times, Defendant has employed, and/or continues to employee, Plaintiff and each of the SC Class members within the meaning of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 ("SCPWA"). Plaintiff and the SC Class members are "employees" within the meaning of the SCPWA and are not free from the control and direction of Defendant.

10

52.     Defendant is an "employer" as defined by the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10(1), because it employs individuals in the State of South Carolina.

53.     Pursuant to S.C. Code Ann. § 41-10-40(C) of the SCPWA, "[e]very employer shall notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment . . . ." and the "employer shall furnish each employee with an itemized statement showing his gross pay and the deductions made from his wages for each pay period."

54.     Defendant willfully failed to provide Plaintiff and others similarly situated with proper notice at the time of their hiring as required by the law nor did Defendant provide them with compliant wage statements for each of their pay periods as required by the law.

55.     Pursuant to S.C. Code Ann. § 41-10-40(C) of the SCPWA, "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law . . . ."

56.     Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." S.C. Code Ann. § 41-10-30(A).

57.     Defendant, however, did not pay Plaintiff and the SC Class members all wages due to them, nor did Defendant provide Plaintiff and the SC Class members with at least seven days advance written notice of the deductions or the amounts of the deductions Defendant made to their paychecks.

58.     For example, Defendant made unauthorized and illegal deductions from the wages of Plaintiff and the SC Class members for improper reasons and without advance written notice for items such as failing to arrive at Defendant's daily garage meetings on time and for performing

11

work for Defendant's customers that Defendant was not fully satisfied with, as well as for items such as background checks, company work shirts with the Knight Enterprises S.E. name and logo on them, and magnetic company truck tags with the Knight Enterprises, S.E. name and logo on them.

59. Accordingly, Plaintiff and the members of the SC Class are entitled to receive all compensation of "wages" due and owing to them.

60. Defendant willfully failed to pay Plaintiff and others similarly situated "wages" as defined in section 41-10-10(2) of the SCPWA for all work performed, according to the law.

61. Defendant has withheld wages of the Plaintiff and others similarly situated without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

62. As a direct and proximate result of Defendant's willful conduct, Plaintiff and others similarly situated have suffered substantial losses and have been deprived of compensation to which they are entitled, including monetary damages in the amount of three (3) times the amount of their unpaid wages and other remedies afforded under state and federal law as well as costs and reasonable attorneys' fees pursuant to S.C. Code Ann. § 41-10-80 of the SCPWA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

    a. An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act;

b. A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage provisions of the FLSA, and have deprived Plaintiff and the FLSA Collective Members of their rights to such compensation;

c. An order requiring Defendants to provide a complete and accurate accounting of all the minimum wages and overtime wages to which Plaintiffs and the FLSA Collective Members are entitled;

d. An award of monetary damages to Plaintiffs and the FLSA Collective Members in the form of back pay for unpaid minimum wages due, together with liquidated damages in an equal amount;

e. Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable laws

f. Pre-judgment interest;

g. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act suffered by the SC Rule 23 Class;

h. An award of monetary damages to Plaintiff and the members of the SC Rule 23 Class in the form of back pay for all unpaid wages due, together with treble damages pursuant to the South Carolina Payment of Wages Act;

i. Attorneys' fees and costs; and

j. Such further relief as the Court deems just and proper.

{*signature page follows*}

13

FALLS LEGAL, LLC

s/  J. Scott Falls
J. Scott Falls
Federal I.D. No.  10300
E-mail:  scott@falls-legal.com
Ashley L. Falls
Federal I.D. No. 12083
E-mail:  ashley@falls-legal.com
245 Seven Farms Drive, Suite 250
Telephone: (843) 737-6040
Facsimile:  (843) 737-6140

Attorneys for Plaintiff Patrick Weckesser, on behalf of himself and all others similarly situated

Charleston, South Carolina
June 20, 2016

14