IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Patrick Weckesser, on behalf of himself          )
and all others similarly situated,               )
                                                 )     Civil Action No. 2:16-cv-02053-RMG
                        Plaintiff,               )
                                                 )
        v.                                       )     **ORDER AND OPINION**
                                                 )
Knight Enterprises S.E., LLC,                    )
                                                 )
                        Defendant.               )
_____ )

This matter is before the Court on Plaintiffs' motion for conditional class certification

and equitable tolling. (Dkt. No. 29.) For the reasons set forth below, the Court **GRANTS**

Plaintiffs' motion for conditional class certification and equitable tolling.

**I.      Facts**

Plaintiff Patrick Weckesser, a cable installation technician, filed this class and collective

action on behalf of himself and all others similarly situated against Defendant Knight Enterprises

S.E., LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et

seq., and the South Carolina Payment of Wages Act, S.C. Code § 41-10-10 et seq. (Dkt. No. 1

at ¶ 1 – 3.) Five other individuals have opted in as plaintiffs.[1] Specifically, Plaintiffs allege that

they and all other similarly situated cable installation technicians who worked for the Defendant

were misclassified as independent contractors and deprived of overtime and minimum wage in

violation of state and federal law.

---

[1] West McKinnon, Paul Legree, Alfonso Leggette, Maurey Austin, and Dixon Annikey. (Dkt.
Nos. 5; 8; 14.) One former opt-in plaintiff, Ronald Miller, has since withdrawn his consent. (Dkt.
Nos. 16; 28.)

Plaintiffs were allegedly all hired as independent contractors to perform cable installation work and they were paid on a per-job basis rather than hourly plus overtime. (Dkt. Nos. 29-2 ¶ 4; 29-3 ¶ 4; 29-4 ¶ 4; 29-5 ¶ 4.) The Plaintiffs have submitted affidavits alleging that the Defendant controlled all aspects of their work, including when they arrived, the equipment they used, the schedule of their workday, their job duties, their days off from work, their work uniforms, company discipline, and whether they were allowed to hire employees or solicit additional business. (Dkt. Nos. 29-2 ¶¶ 9 – 22; 29-3 ¶¶ 9 – 27; 29-4 ¶¶ 8 – 24; 29-5 ¶¶ 9 – 24.)

Under the FLSA, Plaintiff moves for conditional collective action certification and permission to send an opt-in notice to similarly situated individuals. (Dkt. No. 1 at ¶ 8; 29-1 at 13; 29-6 at 2.) Defendant objects to the motion. (Dkt. No. 34.)

## II.    Legal Standard

The Fair Labor Standards Act ("FLSA") permits a plaintiff to bring a collective action on behalf of himself and other employees that are "similarly situated" to the plaintiff. See 29 U.S.C. § 216(b). The collective action provision, 29 U.S.C. § 216(b), provides,

> An action to recover [unpaid overtime compensation] may be maintained against any employer…by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"In order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion in appropriate cases to implement …§ 216(b) … by facilitating notice to potential plaintiffs.'" *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169(1989)).

Certification of a collective action is a two-stage process. *See Turner v. BFI Waste Servs., LLC*, 268 F. Supp. 3d 831, 840 – 41 (D.S.C. 2017). First, "a plaintiff seeks conditional certification by the district court in order to provide notice to similarly situated plaintiffs" that they

2

can "opt-in" to the collective action. *See Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 367 – 68 (D.S.C. 2012). At this "notice stage," the court reviews the pleadings and affidavits to determine whether the plaintiff has carried his burden of showing he is similarly situated to the proposed class members. *Id.* at 368. If the court determines that the proposed class members are similarly situated, the court will conditionally certify the class. *Id.* at 841. The putative class members are then given notice and the opportunity to "opt-in," and the action proceeds as a representative action throughout discovery. *Higgins v. James Doran Co., Inc.*, No. CV 2:16-2149-RMG, 2017 WL 3207722, at *1 (D.S.C. July 28, 2017).

After discovery, defendants may take advantage of the second stage and move to decertify the collective action, "pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief." *Higgins v. James Doran Co., Inc.*, No. CV 2:16-2149-RMG, 2017 WL 3207722, at *2 (D.S.C. July 28, 2017)

## III. Discussion

### A. Similarly Situated

A court should conditionally certify a collective action and authorize notice where the members "share common underlying facts and do not require substantial individualized determinations for each class member…." *Turner*, 268 F. Supp. 3d at 835 *citing Purdham*, 629 F. Supp. at 549. At this first stage, the burden of demonstrating that a plaintiff and putative class members are "similarly situated" is fairly lenient and requires "only a modest factual showing that members of the proposed class are 'victims of a common policy or plan that violated the law.'" *Higgins v. James Doran Co., Inc*., No. CV 2:16-2149-RMG, 2017 WL 3207722, at *1 (D.S.C. July 28, 2017) *citing Purdham*, 629 F. Supp. at 548. "Numerous courts have found that a plaintiff's

3

showing that employees were subject to a common practice of misclassification is sufficient to show that employees are similarly situated*." Degidio v. Crazy Horse Saloon & Rest., Inc*, No. 4:13-CV-02136-BHH, 2015 WL 5834280, at *19 (D.S.C. Sept. 30, 2015) (collecting cases).

Plaintiffs here allege that they and similarly situated individuals all performed cable installation work and were all misclassified as independent contractors instead of employees because the Defendant controlled all aspects of their work. Plaintiffs, in their affidavits, not only allege that Defendant controlled their schedules, leave, work hours and uniforms, but state that this level of control extended to "other installation technicians" as well. (*See e.g.,* Dkt. No. 29-2 at ¶¶ 9, 11, 18, 22 – 23.) While the Defendant reserved the right to contest Plaintiffs' factual allegations, it does not contest that these facts meet the modest factual showing necessary to demonstrate that the putative class-members are "similarly situated." (Dkt. No 34 at 2 n.1.)

Based on these facts, the Court finds that the Plaintiffs have met the lenient standard at this stage for demonstrating that the potential opt-in plaintiffs are similarly situated. Therefore, the Court grants conditional class certification.

### B. Arbitration Agreement

However, Defendant argues that because some or all of the potential opt-in plaintiffs are subject to arbitration agreements, they will be unable to join to this lawsuit and therefore inherently require individual determinations and are not similarly situated.[2] (Dkt. No. 34 at 5.)

---

[2] Defendant identifies two groups of potential collective action members who are subject to an arbitration agreement. First, Defendant argues that all putative collective action members are subject to an arbitration agreement because, after this Court's ruled that Plaintiff Weckesser's arbitration agreement did not require arbitration of this claim, Defendant signed an Assignment Agreement with the parent company giving Defendant the right to enforce the arbitration agreements. Second, Defendant argues that some putative collective action members have signed addenda to their contracts containing new arbitration agreements. (Dkt. No. 34 at 3.)

Defendant's argument is premature. The potential opt-in plaintiffs allegedly subject to arbitration agreements have not yet joined this action,[3] and the Court therefore has no ability to determine whether any potential arbitration agreement are enforceable against them. This Court will therefore follow the procedure previously applied in this District and allow conditional certification to proceed and address arbitration issues through a motion to compel arbitration once any opt-in plaintiffs allegedly subject to arbitration agreements have been identified. *See Gordon v. TBC Retail Grp., Inc.*, 134 F. Supp. 3d 1027, 1039 (D.S.C. 2015) (Norton, J.) ("the court finds that the better approach is to address arbitration issues after conditional certification, when the scope and substance of those issues become clearer."). Other district courts in the Fourth Circuit have followed this approach as well. *See Amrhein v. Regency Mgmt. Servs.*, LLC, 2014 WL 1155356, at *10 (D.Md. Mar. 20, 2014) ("[T]his [c]ourt cannot determine at this stage of the proceeding what potential opt-in plaintiffs, if any, would be subject to valid and binding arbitration. Thus, the potential for arbitration will not forestall the [p]laintiffs' entitlement to conditional certification."); *Nesselrodte v. Underground Casino & Lounge, LLC*, No. 3:11-CV-92, 2012 WL 4378163 (N.D.W. Va. Sept. 25, 2012) (granting conditional certification for a collective action where Defendant argued that a portion of the opt-in class had arbitration agreements but had not filed a motion to compel arbitration). Therefore, while Defendant may file a motion to compel arbitration later, Defendant's argument does not affect this Court's grant of conditional certification.[4]

---

[3] Plaintiff Weckesser is not subject to an enforceable arbitration agreement, and Defendant does not argue that any of the current opt-in Plaintiffs are subject to an enforceable arbitration agreement. *Weckesser v. Knight Enterprises S.E., LLC*, 228 F. Supp. 3d 561 (D.S.C. 2017), *aff'd*, No. 17-1247, 2018 WL 2972665 (4th Cir. June 12, 2018). (Dkt. No. 34 at 3 n.3.)

[4] Defendant also argues that two Fifth Circuit decisions hold that "arbitrability is a threshold question" and therefore this Court should analyze whether potential opt-in plaintiffs are covered by enforceable arbitration agreements prior to ordering conditional certification. *See Edwards v.*

### C. Equitable Tolling

Plaintiffs request that this Court equitably toll the limitations period for FLSA collective action claims[5] because this case was stayed from all proceedings before this Court for 496 days while this Court's order on the motion to compel arbitration was appealed. (Dkt. No. 29-1 at 18.) Defendant argues that granting equitable tolling of the limitations period would be premature, though consents to mailing out the opt-in notices to all cable installation contractors dating back three years plus 496 days. (Dkt. No. 34 at 9.)

"[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Chao v. Virginia Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (citation omitted). However, equitable tolling is appropriate where there are "extraordinary circumstances beyond plaintiffs' control [that] made it impossible to file the claims on time." *Id.* (citations omitted.) Nonetheless, it must be denied where a plaintiff "failed to exercise due diligence in preserving his legal rights." *Id.* (citations omitted.)

Equitable tolling is appropriate here. In the Fourth Circuit, the filing of an interlocutory appeal from an order denying a motion to compel arbitration "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (citations omitted). Here, Plaintiffs seek tolling of the period of time that the appeal was pending before the Fourth

---

*Doordash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018); *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 377 (5th Cir. 2016). However, in both of those cases the named plaintiff was allegedly bound by an arbitration agreement. Here, the Court already ruled that Plaintiff Weckesser is not subject to an arbitration agreement, and there is no argument that any of the plaintiffs currently in the case are required to arbitrate their claims. *Weckesser*, 228 F. Supp. 3d 561.

[5] 29 U.S.C.A. § 255(a) (the statute of limitations for an action seeking overtime compensation is two years and in cases of willful violation of the FLSA it is three years).

Circuit.  Plaintiffs diligently pursued their rights, and filed this motion fourteen days after the Fourth Circuit returned jurisdiction to this Court.  (Dkt. Nos. 26; 29.)  However, through no fault of the Plaintiffs, they could not file for conditional certification during the appeal.

Other district courts have held that similar delays in conditional certification constitute extraordinary circumstances requiring equitable tolling.  *See Lorenzo v. Prime Commc'ns, L.P.*, No. 5:12-CV-69-H, 2014 WL 3366073  (E.D.N.C. July 9, 2014) (granting equitable tolling for period where plaintiff's renewed motion for conditional certification under FLSA was delayed by, among other things, "motions for arbitration and related appeals");  *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 28192, at \*2 (N.D. W. Va. Jan. 5, 2012) ("Several courts have allowed equitable tolling of FLSA claims where the case's litigation posture has delayed the court's consideration of the motion for conditional certification and notice.") (collecting cases); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, (W.D. Ark. May 25, 2007) (granting a stay pending a transfer of venue motion required equitable tolling of the statute of limitations to preserve claims for putative collection action members).  The FLSA limitations period is therefore equitably tolled for the 496 day period during which this case was on interlocutory appeal and notice should be sent to all putative collective action members dating back three years plus 496 days.

### D. Notice

Plaintiffs have proposed a Notice to potential class members outlining the options available to them with regard to their FLSA claims.  (Dkt. No. 29-6.)  Defendant largely consents to the

notice, but makes limited objections regarding the language, who the notice should be sent to, and how soon they need to produce information. (Dkt. No. 34 at 10.)[6]

First, the Court approves Notice via mail and email. Defendant did not object to notice via email, only noting that it may not have the email addresses for all potential opt-in plaintiffs. The Court finds that notice via email is appropriate in today's mobile society. The Court further approves receiving responses back from potential opt-in plaintiffs using a secure E-signature program, such as DocuSign. *See e.g., Wade v. Furmanite Am., Inc.*, No. 3:17-CV-00169, 2018 WL 2088011, at *8 (S.D. Tex. May 4, 2018) ("recent technological advances...have made electronic signatures trustworthy, valid, and enforceable. As such, courts routinely permit opt-in members in FLSA collective actions to execute their consent by means of electronic signature.").

Second, the Court orders and directs Defendant to provide Plaintiffs, within 14 days of this Order, the following information in excel format for each individual classified as an independent contractor by Defendant who performed work as an installation technician at any time within the past three years plus 496 days:

      1. Full name;

      2. Dates of employment;

      3. Email address;

      4. Location of employment, and;

      5. Latest known mailing address.

Third, the proposed notice from Plaintiffs is approved as submitted. (Dkt. No. 29-6.) Defendant argues that language should be added informing potential opt-in plaintiffs that, if they

---

[6] Plaintiffs' counsel represented that the Parties reached an agreement regarding which cable installers working for contracted businesses will be excluded from the list. (Dkt. No. 35 at 6.)

join the lawsuit, they may be required to give a deposition, produce documents, respond to written interrogatories, and potentially participate in other aspects of the litigation. (Dkt. No. 34 at 10.) The Court finds that these additions are unnecessary and may discourage participation in the collective action. *See Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015). Furthermore, the Court is satisfied that the potential opt-ins are sufficiently informed of their potential litigation obligations by the Notice, which states that opt-in plaintiffs "may be required to provide information or participate in the Lawsuit[,]" and that they may be "called as a witness by either Plaintiffs or Defendants." (Dkt. No. 29-6 at 5.)

Finally, the Court finds appropriate and orders a 60-day opt-in period.

### IV.    Conclusion

For the reasons above, the Court **GRANTS** Plaintiff's motion for conditional class certification and equitable tolling (Dkt. No. 29).

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

August 27, 2018
Charleston, South Carolina

9