IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patrick Weckesser, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 2:16-cv-02053-RMG |
| v. ) ) | **ORDER AND OPINION** |
| Knight Enterprises S.E., LLC, ) ) | |
| Defendant. ) ) | |

This matter is before the Court on Plaintiffs' motion to allow joinder of opt-in plaintiff Jermeil Bowers. (Dkt. No. 62.) For the reasons set forth below, the Court **GRANTS** the motion.

**I.     Facts**

Plaintiff Patrick Weckesser, a cable installation technician, filed this class and collective action on behalf of himself and all others similarly situated against Defendant Knight Enterprises S.E., LLC, alleging violations of the Fair Labor Standards Act ("FLSA") and the South Carolina Payment of Wages Act. (Dkt. No. 1.) Specifically, Plaintiff alleges that he and similarly situated cable installation technicians were misclassified as independent contractors and deprived of overtime and minimum wage in violation of state and federal law. The Court granted conditional class certification on August 27, 2018. (Dkt. No. 36.) The Court provided for a sixty-day opt-in period. (*Id.*) Multiple other individuals have joined the case as opt-in plaintiffs. (*See* Dkt. Nos. 5, 8, 14, 46 – 61.) Plaintiffs, with Defendant's consent, now seeks to allow Jermeil Bowers to opt-in to the action even though the opt-in period has closed. (Dkt. No. 62.)

**II.     Discussion**

While the FLSA does not limit the amount of time individuals have to opt-in to a collective action, the Court clearly has discretion to set such limits and to exclude any individuals who opt-

in after the deadline set by the Court. *See, e.g., In re Food Lion, Inc.*, 151 F.3d 1029 (4th Cir. 1998) (holding district court had the discretion to set a deadline for individuals to file opt-in consent forms in collective action under the FLSA and to determine whether circumstances existed to accept the opt-in consent forms of individuals who missed the deadline*).* Here, at least one proposed opt-in Plaintiff, Jermeil Bowers, missed the Court-ordered sixty day deadline.

Courts typically consider the following factors in deciding whether to accept a late filed opt-in form: "(1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Regan v. City of Charleston, S.C.*, No. 2:13-CV-3046-PMD, 2015 WL 1299967, at *2 (D.S.C. Mar. 23, 2015) *quoting Ruggles v. Wellpoint, Inc.*, 687 F.Supp.2d 30, 37 (N.D.N.Y. 2009). After considering each of these factors and the arguments made by the parties, the Court accepts the opt-in consent form from Mr. Bowers. Notably, the address provided for Mr. Bowers was incorrect and the email notice went into his spam filter. Furthermore, this decision will promote judicial economy and the remedial purposes of the FLSA by including an allegedly relevant party in the case. There is little concern of prejudice as discovery is ongoing and is currently not set to close until April 4, 2019.

### III. Conclusion

For the reasons above, the Court **GRANTS** Plaintiffs' consent motion to allow joinder of opt-in plaintiff Jermeil Bowers (Dkt. No. 62).

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

January 28, 2019
Charleston, South Carolina

2