# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Patrick Weckesser, on behalf of himself and all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Knight Enterprises S.E., LLC, <br><br> Defendant. | Civil Action No. 2:16-cv-2053-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on Plaintiff Patrick Weckesser's motion to quash (Dkt. No. 73). For the reasons set forth below, the Court grants in part and denies in part the motion.

## I. Background

Plaintiff Patrick Weckesser, a cable installation technician, filed this class and collective action on behalf of himself and all others similarly situated against Defendant Knight Enterprises S.E., LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the South Carolina Payment of Wages Act, S.C. Code §§ 41-10-10 *et seq.* (Dkt. No. 1 at~ 1 - 3.) Other individuals have since joined as Opt-In Plaintiffs. Plaintiffs allege that they and all other similarly situated cable installation technicians who worked for the Defendant were misclassified as independent contractors and deprived of overtime and minimum wage in violation of state and federal law. (*Id.*) On August 27, 2018, the Court granted conditional class certification. (Dkt. No. 36.) Discovery in the case is scheduled to close on June 1, 2019. (Dkt. No. 76.)

Plaintiff now seeks to quash subpoenas requesting the employment records of Blake Ebert's, an Opt-in Plaintiff, from two of his former employers, arguing that the subpoenas failed to comply with procedural requirements and seek irrelevant and overbroad information. (Dkt. Nos. 73; 80.) Defendants oppose the motion. (Dkt. No. 79.)

1

II. **Legal Standard**

Under Rule 45 of the Federal Rules of Civil Procedure a party may serve a subpoena for the production of discoverable information on a non-party. Rule 45(d)(3)(iv) of the Federal Rules of Civil Procedure provides that a district court must, on timely motion, quash a subpoena that "subjects a person to undue burden." The determination of undue burden is within the discretion of the district court. *See Cook v. Howard*, 484 Fed. Appx. 805, 812 n.7 (4th Cir. 2012). A subpoena that seeks information irrelevant to the case is a per se undue burden. *See Cook*, 484 Fed. Appx. at 812 n.7; *HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (Duffy, J.). A subpoena that would require a non-party to incur excessive expenditure of time or money is unduly burdensome. *Cook*, 484 Fed. Appx. at 812 n.7. Otherwise, "undue burden" requires the district court to balance the interests served by demanding compliance against the interests furthered by quashing the subpoena. 9A Charles Alan Wright & Arthur R. miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008).

"[T]he scope of discovery allowed under a Rule 45 subpoena is equivalent to the scope of discovery allowed under Rule 26." *Washington v. Follin*, No. 414CV00416RBHKDW, 2016 WL 1614166, at *7 (D.S.C. Apr. 22, 2016). Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'") (citations omitted).

## III. Discussion

### A. Standing

As a preliminary matter,[1] generally, "a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). However, employment records contain personal and confidential information, and therefore Plaintiff has standing to contest the subpoenas. *See* Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 240 (E.D. Va. 2012) (finding plaintiff had standing as "employment records contain 'highly personal and confidential information'....") (citations omitted).

### B. Service

Plaintiff argues the subpoenas must be quashed because Defendant failed to give him notice before the subpoenas were served on the non-parties. Specifically, on April 22, 2019, Defendant's counsel emailed Plaintiff a copy of two subpoenas it had already issued and given to FedEx for overnight delivery. The subpoenas were delivered the following day. (Dkt. Nos. 73-2; 73-4.) Rule 45 requires that "before [a subpoena] is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). "Serving a subpoena requires *delivering* a copy to the named person...." Fed. R. Civ. P. 45(b)(1) (emphasis added). District courts in the Fourth Circuit have confirmed that service is effective under Rule 45 once a Party uses means "reasonably sure to complete delivery[,]" including via FedEx. *Bland v. Fairfax Cty.*, Va., 275 F.R.D. 466, 471 (E.D. Va. 2011). Therefore, here, where the subpoenas were mailed via FedEx as of 7:02 pm on April 22, 2019, but Plaintiff did not receive notice until 7:44 pm, Defendant failed to provide Plaintiff with prior notice. (Dkt. Nos. 73-3; 73-4.)

---

[1] Plaintiff raised standing, and Defendant does not contest Plaintiff's standing to file this motion.

3

However, even though Defendant's conduct was a technical violation of the rule, the Court finds it would be inappropriate to quash the subpoenas as there was no prejudice to Plaintiff because he received over two weeks notice prior to the return date and was able to file a motion to quash. *See U.S. Equal Employment Opportunity Comm'n v. Bojangles' Restaurants, Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *5 (E.D.N.C. July 6, 2017) (denying plaintiff's argument to quash for lack of prior notice as "plaintiff filed its motion to quash" and "no documents have been produced yet…in response to the subpoena"); *Jones v. Dole Food Co.*, No. 3:10CV292-RLV-DSC, 2010 WL 5395797, at *1 (W.D.N.C. Dec. 23, 2010) ("An absence of prejudice, however, is supported by Plaintiff's ability to prepare and file the subject Motion to Quash.").[2]

### C. Relevance and Overbreadth

Finally, Plaintiff argues the subpoenas should be quashed because they seek irrelevant information and are overbroad. The subpoenas seek:

> Any and all copies, whether electronic or hard copy, of the personnel records of Blake Alyn Ebert…including (without limitation) his personnel file, performance evaluations, employment agreements, time sheets, pay records, complaints, internal and or external investigations, disability claims, unemployment claims, and worker compensation claims; any litigation involving the company and Blake Alyn Ebert; any threats of litigation involving the company and Blake Alyn Ebert; and/or any records pertaining to complaints made, or investigations initiated, involving the company, Blake Alyn Ebert, and any state or federal department of labor.

Courts in the Fourth Circuit closely scrutinize requests for personnel files. "Personnel files are discoverable only in 'limited circumstances' given that 'personal privacy and accurate, employee

---

[2] Relying on *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016), Plaintiff Ebert also argues he has been prejudiced because the subpoenas were issued to former employers and this may affect his future employment prospects. However, in finding prejudice, the court in *Henry* also partially relied on the fact that one of the third-parties had already produced records to the defendant. Further, to the extent the records sought are discoverable, Defendant would have been entitled to seek these documents even after providing prior notice, and therefore any concerns regarding the sensitive nature of employment records are properly addressed in the Court's merits analysis.

4

evaluations are important public policy concerns.'" *U.S. E.E.O.C. v. McCormick & Schmick's Seafood Restaurants*, No. CIV.A. DKC-11-2695, 2012 WL 3563877, at *4 (D. Md. Aug. 16, 2012) (citations omitted). The Fourth Circuit has indicated that a court should weigh the relevance of the personnel files to the pending matter against the employee's privacy interests. *See Kirkpatrick v. Raleigh Cty. Bd. of Educ.*, 78 F.3d 579 (4th Cir. 1996).

Defendant has failed to present any argument regarding the relevance of many of the requested documents, such as Ebert's time sheets, pay records, complaints, internal investigations, disability claims, unemployment claims, and workers' compensation claims. Without an explanation, the Court cannot see how these records, from a prior employer, are relevant to whether Defendant misclassified Ebert. Perhaps recognizing the lack of relevance of these documents, Defendant represented that it was "willing to narrow the scope of the subpoena" to:

> [D]ocuments related only to training, the quality of Plaintiff Ebert's work, the length of his relationship, contracts or agreements the prior employers had with him, and any litigation, threats of litigation, or investigations involving the companies, Ebert and either the United States Department of Labor or the North Carolina Department of Labor.

(Dkt. No. 79 at 11 n.6.) The Court will therefore quash the subpoena to the extent it seeks any documents not sought in this newly-narrowed scope.

The Court addresses the two broad sets of documents now sought by Defendant: First, any documents regarding litigation, threats of litigation, or investigations, and; Second, documents regarding training, quality of work, length of relationship, and any contracts or agreements.

Regarding prior litigation or investigations, Defendant argues that such documents could indicate whether Ebert's "decision to be an independent contractor" was "voluntary" and "in good faith." (Dkt. No. 79 at 10.) However, Plaintiff represents that Ebert already submitted sworn interrogatories indicating that he never threatened litigation or was involved in any investigation regarding his classification with prior employers (Dkt. No. 80 at 6), and there is no reason to

5

believe Ebert misrepresented any information regarding prior litigations or investigations. *See Barrington v. Mortage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *5 (S.D. Fla. Dec. 10, 2007) (quashing subpoena requesting personnel records to assess plaintiff credibility where plaintiffs had brought lawsuit against prior employer as "defendant has not alleged any reason to believe that the plaintiff has misrepresented information.") (citations omitted). Further, there is no indication that the subject matter of this litigation is related to any prior litigation or investigations, and therefore such documents are relevant to this case and the Court will quash the subpoena to the extent it seeks documents regarding prior litigation or investigations.

Finally, the Court finds that Defendant is entitled to documents regarding training, quality of work, length of relationship, and any contracts or agreements. The cases cited by Plaintiff quashing subpoenas for personnel files in FLSA wage and hour cases all related to claims that employees were misclassified as exempt from overtime. *See Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237 (E.D. Va. 2012) (claims regarding whether defendant misclassified drivers as exempt from overtime); *Lapointe v. Target Corp.*, No. 16-CV-216 (GTS/CFH), 2017 WL 1397317 (N.D.N.Y. Mar. 6, 2017) (claims regarding whether defendant misclassified workers in warehouse as exempt from overtime); *Barrington v. Mortage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647 (S.D. Fla. Dec. 10, 2007) (claims regarding whether employer misclassified plaintiffs as exempt under the FLSA white collar exemptions).

Here, by contrast, Plaintiffs allege the Defendant allegedly misclassified them as independent contractors rather than employees. This requires the Court to look at the "economic realities" of the relationship, including "the degree of skill required for the work." *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006). This places at issue any training or experience Plaintiff Ebert received at prior employers. Indeed, Plaintiff, in moving for conditional

class certification, highlighted the fact that installation technicians do not have special skills or experience prior to being hired. (Dkt. No. 29-1 at 11; 29-2 at ¶ 23.) Therefore, the Court finds that the subpoenas appropriately seek documents regarding "the quality of Plaintiff Ebert's work, the length of his relationship, contracts or agreements the prior employers had with him."

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Quash (Dkt. No. 73.) The Motion is **DENIED IN PART** to the extent that the subpoenas properly seek documents regarding "the quality of Plaintiff Ebert's work, the length of his relationship, contracts or agreements the prior employers had with him" and **IT IS ORDERED THAT**, by **May 18, 2019**, the third-parties will comply with that portion of the subpoenas. The Motion is otherwise **GRANTED** and, except for the documents ordered to be produced, the subpoenas are otherwise **QUASHED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 13, 2019
Charleston, South Carolina