# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Patrick Weckesser, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. 2:16-cv-02053-RMG |
| v. ) ) ) | **ORDER AND OPINION** |
| Knight Enterprises S.E., LLC, ) ) ) | |
| Defendant. ) ) | |

This matter is before the Court on Defendant's unopposed motion to dismiss Opt-In Plaintiff Martin Davila (Dkt. No. 84) and the Parties Joint Motion to Depose Plaintiffs Brian Rowland and Willie Malone (Dkt. No. 85). For the reasons set forth below, the Court grants in part the motion to dismiss and grants the motion to depose.

## I.   Facts

Plaintiff Patrick Weckesser, a cable installation technician, filed this class and collective action on behalf of himself and all others similarly situated against Defendant Knight Enterprises S.E., LLC, alleging violations of the Fair Labor Standards Act ("FLSA") and the South Carolina Payment of Wages Act. (Dkt. No. 1.) The Court granted conditional class certification on August 27, 2018. (Dkt. No. 36.) Multiple individuals have joined the case as opt-in plaintiffs. (*See* Dkt. Nos. 5, 8, 14, 46 – 61.) Defendants now seek to dismiss with prejudice Opt-In Plaintiff Martin Davila, who has failed to appear for two depositions. (Dkt. No. 84 at 1 – 2.) Davila was noticed for a deposition on May 17, 2019. (Dkt. Nos. 84-1; 84-2.) After failing to appear for that deposition, Defendant noticed another deposition for Davila on May 29, 2019. (Dkt. Nos. 84-3;

84-4.) Davila failed to appear for that deposition as well.[1] Defendant represents that Plaintiffs do not oppose the motion.

Additionally, as the discovery deadline has passed, the Parties jointly seek leave to take depositions of two Opt-In Plaintiffs on June 7, 2019, and June 11, 2019. (Dkt. No. 85.)

## II. Legal Standard

Rules 37 and 41 of the Federal Rules of Civil Procedure are part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Under Rule 37, a court must determine:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). A court must apply a similar four-part test when determining whether to dismiss under Rule 41:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). The standard for Rules 37 and 41 is "virtually the same." *Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400 (4th Cir. 1994).

## III. Discussion

Defendant meets the standard for sanctions and dismissal under Rules 37 and 41. First, by failing to appear for two depositions, and considering Defendant's representation that Plaintiff's

---

[1] Plaintiff's counsel allegedly has not been able secure Davila's attendance. (Dkt. No. 84 at 3.)

2

counsel could not secure Davila's attendance, the failure to appear is his responsibility and evidences bad faith. Second, Defendant has been prejudiced by Davila's failure to appear based on time spent preparing and Defendant's inability to secure Davila's testimony in discovery. Third, given the repeated failure to appear there is a history of dilatory action and the Court must deter future non-compliance. Finally, no less drastic sanction will be effective as the trial is approximately two months away and discovery has closed. Therefore, Plaintiff Davila should be dismissed from the case. However, while Defendant seeks dismissal with prejudice, the Court finds this too drastic a sanction. Under the FLSA, provided a party complies with applicable limitations periods, "[p]otential plaintiffs who do not opt in are not bound by the judgment and may bring a subsequent private action." *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 761659, at *3 (N.D.W. Va. Mar. 7, 2012). Davila, by failing to comply with the discovery process, will be in the same position as any potential plaintiffs who failed to opt-in.

Finally, the Court grants leave to take the depositions of Brian Rowland and William Malone on June 7 and June 11, 2019. This Order does not affect any other deadlines in the case.

### IV. Conclusion

For the reasons above, the Court **GRANTS IN PART** Defendant's motion to dismiss Opt-In Plaintiff Martin Davila and Davila is **DISMISSED WITHOUT PREJUDICE**. (Dkt. No. 84.) The Court also **GRANTS** the Parties' Joint Motion for Leave to Depose Opt-In Plaintiffs Brian Rowland and Willie Malone. (Dkt. No. 85.)

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

June 7, 2019
Charleston, South Carolina

3