# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Patrick Weckesser, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:16-cv-02053-RMG ) ) |
| v. | ) **ORDER AND OPINION** ) |
| Knight Enterprises S.E., LLC, | ) ) ) |
| Defendant. | ) ) |

This matter is before the Court on Defendant's unopposed motion to dismiss Opt-In Plaintiffs Jonathan Davy and Brian Rowland (Dkt. No. 94). For the reasons set forth below, the Court grants the motion to dismiss.

**I.  Facts**

Plaintiff Patrick Weckesser, a cable installation technician, filed this class and collective action on behalf of himself and all others similarly situated against Defendant Knight Enterprises S.E., LLC, alleging violations of the Fair Labor Standards Act ("FLSA") and the South Carolina Payment of Wages Act.[1] (Dkt. No. 1.) The Court granted conditional class certification on August 27, 2018. (Dkt. No. 36.) Multiple individuals have joined the case as opt-in plaintiffs. (*See* Dkt. Nos. 5, 8, 14, 46 – 61.) Defendants now seek to dismiss without prejudice Opt-In Plaintiffs Jonathan Davy and Brian Rowland, who have failed to appear for their depositions. (Dkt. No. 94 at 1 – 2.) Davy was noticed for a deposition for Thursday, May 30, 2019. (Dkt. No. 94-2). Defendant counsel represents that Plaintiffs' counsel confirmed on May 29, 2019 that Davy would appear as scheduled, however Davy failed to appear the following day. Defendant represents that

---

[1] Plaintiffs are no longer proceeding under the South Carolina Payment of Wages Act Claim and will not seek to certify a Rule 23 class action. (Dkt. No. 91 at 2 n.1.)

Plaintiffs' counsel indicated that Davy had chosen to withdraw from the lawsuit, but has yet to file a withdrawal form. As to Rowland, he was noticed for a deposition on June 7, 2019 (Dkt. No. 94-4), and similarly failed to appear for the deposition.

Plaintiffs have not filed a response to the motion, and Defendant represents that Plaintiffs do not oppose the motion. (Dkt. No. 94 at 1.)

## II. Legal Standard

Rules 37 and 41 of the Federal Rules of Civil Procedure are part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Under Rule 37, a court must determine:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). A court must apply a similar four-part test when determining whether to dismiss under Rule 41:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). The standards for Rules 37 and 41 are "virtually the same." *Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400 (4th Cir. 1994).

## III. Discussion

Defendant meets the standard for sanctions and dismissal under Rules 37 and 41. First, the failure to appear are the Opt-In Plaintiffs' responsibility and evidence bad faith. Second,

2

Defendant has been prejudiced by Davy and Rowland's failure to appear based on time spent preparing and Defendant's inability to secure Davy and Rowland's testimony in discovery. Third, given the failure to appear after coordination between counsel, there is a history of dilatory action and the Court must deter future non-compliance. Finally, no less drastic sanction will be effective as the trial is approximately five weeks away and discovery has closed. Therefore, Davy and Rowland should be dismissed from the case without prejudice.

**IV.   Conclusion**

For the reasons above, the Court **GRANTS** Defendant's motion to dismiss Opt-In Plaintiffs Jonathan Davy and Brian Rowland (Dkt. No. 94) and Davy and Rowland are **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

July 22, 2019
Charleston, South Carolina